IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| **K.K. and K.K., as parents, guardians, and next friends to A.K., a minor,** | } } } | |
| **Plaintiffs,** | } } | |
| v. | } } | **CASE NO.: 3:20-cv-00096-PLR-DCP** |
| | } | **JURY TRIAL DEMANDED** |
| **CHUCK COMER, individually, and in his official capacity, and KNOX COUNTY, TENNESSEE,** | } } } } } | |
| **Defendants.** | } | |

## MOTION FOR PRELIMINARY AND TEMPORARY INJUNCTION

**COME NOW** the Plaintiffs, K.K. and K.K., as parents, guardians, and next friends to A.K., a minor ("Plaintiffs"), by and through their counsel of record; and, pursuant to FED. R. CIV. P. 65, move this Court for injunctive relief vis-a-vis Chuck Comer (hereinafter, "Comer") and Knox County, Tennessee (hereinafter, "Knox County") (hereinafter, collectively "Defendants").

I. <u>**INTRODUCTION**</u>

For the pendency of this action, Plaintiffs request that the Court: (1) enjoin Defendants from continuing to violate the constitutional rights of students and parents at West Valley Middle School; (2) order Knox County to certify (within 30 days) that Knox County Schools' employees are not engaging in, tolerating, and/or encouraging violations of the Free Exercise Clause of the First Amendment to the United States Constitution; and (3) enjoin Defendants from requiring student participation in the "Teens for Christ" (or similar) program of proselytism as a condition precedent

1

to participating in Knox County's school-sponsored sports programs. In support thereof, Plaintiffs would show unto the Court as follows:

## II. PROCEDURAL POSTURE

On or about March 4, 2020, Plaintiffs commenced the instant action. This action follows Defendants' unlawful requirement that students participate in West Valley Middle School's "Teens for Christ" (or similar) program of proselytism as a condition precedent to participating in Defendants' school-sponsored basketball program. The foregoing unlawful actions by Defendants violate the Free Exercise Clause of the First Amendment to the United States Constitution. Accordingly, this action is brought pursuant to 42 U.S.C. §§ 1983 and 1988. Plaintiffs now move the Court for preliminary and temporary injunctive relief during the pendency of this action, the argument for which will be set forth more fully herein.

## III. FACTUAL BACKGROUND

A.K. is and was a student at West Valley Middle School. **[Doc. 1 at ¶ 7]**. A.K.'s parents are interracial, married lesbians. **[*Id.* at ¶ 8]**. During A.K.'s attendance, Knox County employed Comer as the physical education and wellness teacher at West Valley Middle School. **[*Id.* at ¶ 9]**. During A.K.'s attendance at West Valley Middle School, Comer, with the knowledge and acquiesce of Knox County, maintained a school-sponsored basketball program. **[*Id.* at ¶ 10]**. As a condition precedent to participating in the program, Comer required students to also participate in the "Teens for Christ" program. **[*Id.* at ¶ 11]**. Comer lured students into participating in the "Teens for Christ" program by initially telling them that the program was solely basketball related. **[*Id.* at ¶ 12]**. Once Comer lured students into participating in Defendants' school-sponsored basketball program, it was

revealed that, in order to actually participate in such program, students would be forced participate in the "Teens for Christ" program. **[*Id.* at ¶ 13]**.

For each instance of participation by students in Defendants' school-sponsored basketball program (which occurs/occurred on Tuesdays and Thursdays), students were required to be present early in the morning before school at a lecture hall to listen to Comer read from and interpret the Bible for approximately 30 minutes. **[*Id.* at ¶ 14]**. If the students declined to participate in the "Teens for Christ" program, they were not allowed to play basketball. **[*Id.* at ¶ 15]**.

During the 2019-2020 School Year, A.K. learned about West Valley Middle School's school-sponsored basketball program. However, A.K. initially was unaware A.K. would be required to participate in the "Teens for Christ" program in order to take advantage of the basketball program. **[*Id.* at ¶ 16]**. Only after A.K. attempted to participate in the basketball program did A.K. learn that listening to Comer's sermons was a condition precedent to participation. **[*Id.* at ¶ 17]**. Even more disturbingly, during his preaching sessions, Comer singled out LGBT "issues" and its relations to "sin". **[*Id.* at ¶ 18]**.

A.K. reported to A.K.'s parents that Defendants were coercing A.K. into enduring Comer's religious teachings, including harassment on the basis of A.K.'s parents' sexual orientation, as a condition precedent to A.K. participating in Defendants' school-sponsored basketball program. A.K.'s parents were offended by such outrageous and clearly unconstitutional actions by Defendants. **[*Id.* at ¶ 19]**. Based on information provided to K.K./K.K. by Assistant Principal Matt Patillo, West Valley Middle School Principal David Claxton and Knox County have been aware of and have acquiesced to Comer leading the school-sponsored basketball program at West Valley

3

Middle School for not less than eight (8) years, while using the same as pretext to recruit students to join "Teens for Christ" program. **[*Id.* at ¶ 20]**.

IV. **LAW AND ARGUMENT**

Fed. R. Civ. P. 65(a)(1) provides that the Court may issue a preliminary injunction when the opposing party has received notice. In determining whether a preliminary injunction is proper, the Court should address the four (4) factors set forth in *In re: DeLorean Motor Co.*, 755 F.2d 1223 (6th Cir. 1985):

1. Plaintiff's likelihood of success on the merits;
2. Whether the injunction will save Plaintiff from irreparable injury;
3. Whether the injunction would harm others; and
4. Whether the public interest would be served by the injunction.

*Id.* at 1228. "[T]he four considerations applicable to preliminary injunction decisions are factors to be balanced, not prerequisites that must be met." *Id.* at 1229.

In the present case, the factors weigh in favor of granting injunctive relief. In the Complaint, as well as via A.K.'s anticipated testimony, Plaintiffs have set forth allegations that establish Defendants have violated the Establishment Clause of the First Amendment to the United States Constitution, which prohibits a governmental entity from using school-sponsored programs to indoctrinate students to the religious teachings of Defendants. Such conduct, as clearly evidenced herein, should lead to the jury ultimately determining Plaintiffs have succeeded on the merits of this action.

Granting Plaintiff's request for an injunction will save Plaintiff from irreparable injury. A.K. continues to desire to participate in Defendants' school-sponsored basketball program. Regrettably,

4

A.K. cannot do so if Defendants insist on continuing to violate A.K.'s constitutional rights. At present, because A.K. does not want to be indoctrinated by Defendants' religious beliefs, A.K. is precluded from participating in a basketball program that promotes a healthy lifestyle and teamwork. Such skills are paramount in today's society. A.K. should not be deprived of such life skills because Defendants insist on violating A.K.'s constitutional rights.

The issuance of an injunction would not harm others. In fact, it would prevent Defendants from violating the constitutional rights of other students of Knox County Schools. The injunction would simply prohibit Defendants from using their governmental clout to preach religious beliefs to students as a condition precedent to participating in school-sponsored sporting events. The only "harm" that could result to others in conjunction with the Court issuing an injunction, would be prohibiting Comer from indoctrinating students with his religious beliefs. Such is not 'harm" contemplated by applicable precedent.

Finally, granting an injunction would serve the public good. As has been set forth more fully herein, Plaintiffs' allegations clearly establish Defendants are violating the constitutional rights of students by requiring said students to undergo religious indoctrination in order to participate in school-sponsored sporting events. Such conduct abuses the public trust and unlawfully expands governmental invasion into the private lives of its citizens. Accordingly, it is in the best interest of the citizens of Knox County for the Court to issue an injunction.

**WHEREFORE**, for all the foregoing reasons, Plaintiffs pray for relief as follows:

1. A hearing on Plaintiffs' motion;

5

2. An Order preliminarily and temporarily requiring Defendants to immediately cease requiring students to undergo religious indoctrination as a condition precedent to participating in school-sponsored sports;

3. Award payment of Plaintiffs' attorneys' fees and costs in bringing this motion; and

4. Any and all further relief the Court deems just and proper.

Respectfully submitted this 13th day of March, 2020.

        **K.K. and K.K., as parents, guardians, and next friends to A.K., a minor**

        By: /s/ James Friauf
        James W. Friauf (#027238)
        LAW OFFICE OF JAMES W. FRIAUF, PLLC
        9724 Kingston Pike
        Suite 104
        Knoxville, Tennessee 37922
        Telephone: (865) 236-0347
        Facsimile: (865) 512-9174
        Email: james@friauflaw.com
        Our File No.: 20-010-CIV

        *Attorney for Plaintiffs, K.K. and K.K., as parents, guardians, and next friends to A.K., a minor*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on the parties to this action via electronic mail and/or U.S. Mail this 13th day of March, 2020.

        /s/ James Friauf
        James W. Friauf

6

Case 3:20-cv-00096-PLR-DCP   Document 5   Filed 03/13/20   Page 6 of 6   PageID #: 20